**UNITED STATES of America,**

v.

**David Anthony RUNYON, Defendant.**

**Criminal No. 4:08cr16.**

United States District Court,
E.D. Virginia,
Newport News Division.

Oct. 27, 2009.

Blair C. Perez, United States Attorney's Office, Norfolk, VA, Brian J. Samuels, Lisa Rae McKeel, United States Attorney's Office, Newport News, VA, for United States of America.

## *MEMORANDUM ORDER*

REBECCA BEACH SMITH, District Judge.

On September 4, 2009, this court entered an order allowing the defendant, David Anthony Runyon, an extension of time to file post-trial motions, pursuant to Federal Rule of Criminal Procedure 57(b). (*See* Docket # 296.) Accordingly, the defendant has filed a Motion to Set Aside Death Penalty Verdict, arguing that the court improperly allowed the United States to present inappropriate victim-impact evidence. (*See* Docket # 297.) Specifically, the defendant argues that the court erred in allowing non-family mem-

bers, Lt. Jeremy Chayer, Ms. Jennifer Hubbard–Kime, and Ms. Erin Skiba, to testify. (Docket #297 at 2.) This victim-impact testimony pertained to the United States' Non–Statutory Aggravating Factor Number One: "The defendant, DAVID ANTHONY RUNYON, caused injury, harm and loss to the victim, Cory Allen Voss, and the victim's family and friends, as shown by the victim's personal characteristics and by the impact of his death upon the victim's family, friends, and co-workers." (Docket #291 at 1.)[1] At a threshold level, this testimony was not admitted to show "the loss that the United States of America suffered by losing a highly trained Navy Officer," as the defendant claims in his current motion. (Docket #297 at 2.)[2]

The defendant previously objected to the United States' Non–Statutory Aggravating Factors, on May 8, 2009. (*See* Docket #195.) In regard to Non–Statutory Aggravating Factor Number One, the defendant argued that the statute, 18 U.S.C. § 3593(a), limited the victim-impact evidence to the injury and loss suffered by the victim's family. (Docket #195 at 5–6.) In a Memorandum Order filed June 16, 2009, the court denied the defendant's motion as untimely, but went on to state that the defendant's objections, including his objection to the United States' proposed victim-impact evidence, were meritless. (*See* Docket #217.) The court specifically stated, in regard to this objection:

The Court in *Payne* [*v. Tennessee,* 501 U.S. 808, 111 S.Ct. 2597, 115 L.Ed.2d 720 (1991),] held that there was no constitutional bar to the admission of victim-impact evidence, and emphasized that such evidence "is designed to show ... *each* victim's 'uniqueness as an individual human being,' whatever the jury might think the lost to the community resulting from his death might be." *Payne,* 501 U.S. at 823 [111 S.Ct. 2597] (citing *Booth v. Maryland,* 482 U.S. 496, 506 n. 8 [107 S.Ct. 2529, 96 L.Ed.2d 440] (1987)). Thus, contrary to defendant's assertion, the *Payne* Court did not limit the victim-impact evidence that the jury may consider, and explicitly referenced the impact [of] the loss to the community resulting from the victim's death.

(Docket #217 at 8.)

The court now fully adopts the reasoning set forth in the Memorandum Order of June 16, 2009, and finds that the United States' presentation of victim-impact evidence from the victim's friends and co-workers was appropriate. The Court in *Payne* made clear that victim-impact evidence is not limited to the impact the victim's murder has on the family, but extends to the impact the victim's murder has on society. *See Payne,* 501 U.S. at 825, 111 S.Ct. 2597 (" '[T]he State has a legitimate interest in counteracting the mitigating evidence which the defendant is entitled to put in, by reminding the sentencer that just as the murderer should be considered as an individual, *so too the vic-*

1. The jury unanimously found this factor to exist, beyond a reasonable doubt. (*See* Docket #291.)

2. To the court's recall, the only reference the United States made that even approaches the defendant's contention was once in its lengthy closing argument, wherein the United States noted that "the Navy, without a doubt ... lost a very fine officer ... by the actions of a contract killer." (Closing Arguments, Selec-

tion Phase, August 26, 2009.) This statement was neither the focus of the United States' victim-impact evidence nor the focus of the United States' argument. Moreover, the defendant did not object at the time to this brief, passing reference. In any event, for the reasons set forth in this Memorandum Order, the victim-impact evidence presented by the United States was proper and admissible.

*tim is an individual whose death represents a unique loss to society* and in particular to his family.'") (quoting and adopting Justice White's rationale in *Booth v. Maryland,* 482 U.S. 496, 517, 107 S.Ct. 2529, 96 L.Ed.2d 440 (1987) (WHITE, J., dissenting)(emphasis added)). Therefore, it is equally clear that the impact that the victim's murder had on his friends and shipmates falls within the ambit of appropriate evidence.

Further, the evidence presented from the victim's friends and shipmates provided the jury with information upon which it could make an individualized assessment of the defendant and the circumstances of the offense in determining the appropriate sentence. *See Tuilaepa v. California,* 512 U.S. 967, 972, 114 S.Ct. 2630, 129 L.Ed.2d 750 (1994); *see also United States v. Rivera,* 405 F.Supp.2d 662 (E.D.Va. 2005)("[The court] should lean in favor of admitting as much information as possible to allow the jury to make an individualized determination of whether the defendant merits the death penalty."). As the statute specifically states, in pertinent part:

> The factors for which notice is provided under this subsection may include factors concerning the effect of the offense on the victim and the victim's family, and may include oral testimony, a victim impact statement that identifies the victim of the offense and the extent and scope of the injury and loss suffered by the victim and the victim's family, *and any other relevant information.*

18 U.S.C. § 3593(a)(emphasis added).

For the foregoing reasons, the defendant's Motion to Set Aside Death Penalty Verdict is **DENIED.** Defendant's argument ignores both the plain language of 18 U.S.C. § 3593(a) and the clear dictates of the Court in *Payne.* The Clerk shall forward a copy of this Memorandum Order to counsel for the defendant and to the Assistant United States Attorney.

**IT IS SO ORDERED.**